**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johnson, | No. CV-17-02710-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Request for Ruling on Defendant's Motion for Summary Judgment Re: Causation and Damages (Doc. 120). No response has been filed.

Defendant Costco Wholesale Corporation ("Costco") is asking the Court to issue a ruling on the second part of Defendant's Motion for Summary Judgment filed on May 18, 2018 ("MSJ") (Dkt. 74). The Court had previously ruled on the first part of the MSJ which disposed of the case. That decision was appealed, and the Ninth Circuit reversed and remanded the case. Prior to trial, Costco asks for a ruling on the second part of the MSJ which challenges the issues of causation and damages and this ruling is the result.

The Court has considered the MSJ, the Plaintiff's Response ("Resp.") (Doc. 81), and Defendant's Reply (Doc. 90). Plaintiff also filed a Separate Statement of Facts in Support of his Response, (Doc. 82, PSOF), but failed to include a controverting statement of facts as required by LRCIV 56.1(b). Accordingly, the Court deems Defendant's statement of facts that are supported by citations to the record to be true. *Szaley v. Pima Cty.*, 371 Fed. Appx. 734, 735 (9th Cir. 2010); *Pierson v. City of Phoenix*, No. CV-16-

02453-PHX-DLR, 2017 WL 4792122, at *1 (D. Ariz. Oct. 24, 2017). Oral argument was held on January 10, 2019 and the Court has reviewed that transcript.

**I. Background**

Johnson was shopping at a Costco in Gilbert, Arizona, on April 30, 2015, when he alleges he was injured by Costco's negligence. Specifically, he alleges the customer in front of him at the checkout placed a "sparkling wine-type bottle" upright on the conveyer belt, which fell off and shattered, resulting in glass striking his face. The bottle allegedly hit a device on the belt meant to move the item closer to the cashier, which knocked it over the one-to-six-inch-tall guardrail. As it was falling, Johnson unsuccessfully attempted to catch the bottle, and it hit the floor. (SSOF ¶ 4–5). After it hit the floor, it bounced up at least two feet before falling to the ground again and exploding. (SSOF ¶ 5).

In his Complaint, Johnson states Costco acted negligently in four ways: (1) by failing to maintain the conveyor belt in a reasonably safe condition; (2) by allowing the bottle to proceed upright on the conveyor belt, which created an unreasonable risk of harm because it was more susceptible to falling; (3) by failing to warn Johnson and other customers of the inherent dangers of placing bottles upright; and (4) by failing to otherwise exercise due care. At oral argument and in his response, Plaintiff indicated his position has evolved slightly. He conceded he has discovered no evidence of a maintenance problem with the conveyor belt, and his alleged breaches of care are: (1) the conveyor belt did not have a tall enough guardrail; (2) Costco should not have allowed the bottle to proceed unless it laid the bottle on its side; and (3) Costco failed to warn customers about the possibility of carbonated glass bottles falling off the conveyor belt. He argues that a sparkling wine bottle is a higher risk than a regular bottle of wine because it's "explosive."

When the bottle "exploded," the shattered glass lacerated Johnson's left eyelid, for which he declined medical treatment at the scene. (SSOF, Ex. 4 at 10). Plaintiff claims the exploding bottled created a "blast wave" that caused extensive injuries beyond the laceration. (SSOF ¶ 7). He alleges he suffered a traumatic brain injury, a stroke or aneurysm, facial nerve and muscle damage, occasional slurred speech, breathing and movement issues, anxiety/depression, and dental damages. (SSOF ¶ 7). He alleges the

injury has also caused daily migraines and sleep disruption. (SSOF, Ex. 4 at 4–5, 7). He alleges the accident further affected his work life, resulting in him having to take 212.5 hours of sick time due to the incident and costing him $750,000 in retirement benefits. (SSOF, Ex. 5 at 7). His alleged medical bills from the incident totaled $8,312.23 as of March 26, 2018.

Johnson disclosed his expert witnesses on April 16, 2018, the deadline for doing so. (Doc. 63). Johnson did not disclose any experts to testify that Costco breached the applicable standard of care. The disclosure listed six medical professionals that treated Johnson and one "unknown neurologist" that had yet to treat Johnson. Plaintiff's six experts were listed as: (1) Megan McCarthy, MSN FNP; (2) Dr. Rozbeh Torabi, M.D.; (3) Dr. Charanjit Dhillon, M.D.; (4) Dr. Bilal Hameed, M.D.; (5) Dr. Jamie Rawson, M.D.; (6) Dr. Andrew Ducruet, M.D. Johnson listed the providers along with their address and the information that they had treated Johnson and would "testify on the issue of causation." On May 8, 2018, Johnson also updated the unknown neurologist to Dr. Sean Southland, Ph.D., "who treated Plaintiff on April 18, 2018." Dr. Southland was also supposed to "testify on the issue of causation." For each of these witnesses, Johnson did not provide a report or summary of the facts and opinions to which the witnesses were expected to testify. (Doc. 63). He merely provided their names, titles, addresses, and that they would testify as to causation. Plaintiff's supplemental disclosure adding Dr. Southland included the same information plus the date Dr Southland treated Johnson.

On June 18, 2018, Johnson filed a motion to supplement his expert witness disclosure to add Dr. Michael J.A. Robb, M.D., an oto-neurologist that treated Johnson after the expert witness deadline, and to designate one of his fact witnesses, Gloria Cales, as an expert witness as well. Johnson wanted Ms. Cales to testify about his wage and pension rights, but "inadvertently omitted [her] from the expert witness list." (Doc. 83). Judge Logan denied Johnson's motion. (Doc. 95). The motion did not include a request to add any experts that would testify about whether Costco breached its duty to keep customers reasonably safe.

## II. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The Court need only consider the cited materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility, the burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact. *Id.* at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, but it "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations

omitted). However, in the summary judgment context, the Court believes the nonmovant's evidence, *Id.* at 255, and construes all disputed facts in the light most favorable to the non-moving party, *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002).

**III. Analysis**

Federal courts sitting in diversity apply substantive state law to state-law claims. *Lukes v. American Family Mut. Ins. Co.*, 455 F.Supp. 1010, 1013 (D. Ariz. 2006). Johnson bears the burden of proving negligence, and it is not up to Costco to prove of absence thereof. *Berne v. Greyhound Parks of Ariz.*, 448 P.2d 388, 389 (Ariz. 1968). To succeed on a negligence claim in Arizona, Johnson must prove Costco had (1) a "duty to conform to a certain standard of care"; (2) Costco breached that standard; (3) there is a "causal connection" between Costco's conduct and the resulting injury; and (4) it resulted in "actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). Costco moves for summary judgment on the third element, contending that Johnson is unable to prove the exploding bottle is the medical cause of his injuries.

**A. Evidence of Causation**

Costco first argues that Plaintiff's expert disclosures are inadequate and that apart from expert testimony Plaintiff has presented no evidence of causation. Plaintiff never made an expert disclosure as required by Rule 26(a)(2). Plaintiff does not dispute that he failed to disclose expert opinions but asks for more time to do so. Prior to ruling on this motion, Judge Logan denied Plaintiff's Motion to Permit Supplementation of the Disclosure of Expert Witnesses (Doc. 83). Plaintiff seems to be asking this Court to reconsider Judge Logan's order without making the appropriate motion or necessary showing. The Court will not do so.

As it stands, Plaintiff has no expert testimony to link any medical problems, other than the cut to the left eyelid, to the accident at Costco. As such, the Court must consider

whether such testimony is necessary. Under Arizona law, expert testimony is necessary to prove medical causation, which is that the accident caused the injury. See, *DeSchaaf v. Indus. Comm'n of Arizona*, 141 Ariz. 318, 320 (Ct. App. 1984)(Medical causation ordinarily requires expert medical testimony to establish that the industrial accident caused the injury.); *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982)( "It has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, the causal connection must be determined by expert medical testimony"). "When causation is not readily apparent to a lay person causation must be established by an expert." *Bogutz v. Arizona*, No. CV 03-454-TUC-RCC, 2007 WL 9723928, at *3 (D. Ariz. Dec. 11, 2007)(*citing Spielman v Industrial Comm'n of AZI*, 163 Ariz. 493 (App. 1990)).

Here, the causal connection between many of Plaintiff's injuries is not readily apparent to a lay person. Plaintiff would need expert testimony to explain to the jury how a traumatic brain injury, stroke/aneurysm, nerve and muscle damage, migraines, slurred speech, breathing and movement issues, sleep disruption, anxiety/depression, and dental damages can causally result from a laceration to his left upper eyelid cause by a piece of glass hitting his closed eye. In consequence of Plaintiff's failure to make his expert disclosures under Rule 26(a)(2), Plaintiff cannot present any such expert testimony. Further the Court notes that in Costco's depositions of Plaintiff's treating physicians, none of the doctors said that they had an opinion related to causation. Complete summary judgment will not be granted because as Plaintiff points out, no one disputes that Plaintiff had a laceration to his left upper lid after the bottle fell and shattered. That a piece of glass could cut you if a bottle shatters is within a lay person's knowledge.

**B. Treating Physicians**

Plaintiff does not dispute that there is no causation testimony but instead seeks additional time to supplement the record. (Resp. at 5) Plaintiff has obtained a new expert, after the disclosure deadline and after Costco's Motion For Summary Judgment was filed. Plaintiff wants additional time to show that report to the treating physicians to see if they

will change their opinion. As stated above, Judge Logan precluded Plaintiff's request to supplement his expert disclosure. The treating physicians have all been deposed and the dispositive motion deadline has passed. The Court will not allow Plaintiff to re-open discovery at this late stage.

### C. Lost and Future Wage Claim

Plaintiff makes a claim for $750,000 for lost and future wages. Costco argues that claim is speculative and cannot be proven without expert testimony. Plaintiff argues that while future wage loss claims are often times speculative, they are not precluded. Future wages can be proven with less than scientific certainty, but there must be enough information to support the award without leaving the jury to speculate and guess. "Once the right to damages is established, uncertainty as to the amount of damages does not preclude recovery." *Felder v. Physiotherapy Assocs.*, 215 Ariz. 154, 162, 158 P.3d 877, 885 (Ct. App. 2007) (quoting *Lewis v. N.J. Riebe Enters., Inc.,* 170 Ariz. 384, 397 (1992)). There is, however, a "requirement of 'reasonable certainty' in establishing the amount of damages." *Id.* at 164 (quoting *Gilmore v. Cohen*, 95 Ariz. 34, 36 (Ariz. 1963)). The jury award must be supported by some evidence. Here, it is unclear what evidence Plaintiff proposes to use, as there is no expert testimony on lost wages.[1]

Even if no expert testimony is required, Plaintiff's claim suffers from a separate defect, lack of evidence on summary judgment. Summary judgment may be entered against a party who fails to bring forth any evidence to support an essential element on which they will have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here the Plaintiff will have the burden of proof at trial regarding his claim for lost and future wages. From the pleadings, it appears that Plaintiff, Gloria Cales, and another witness from the fire department have been deposed and asked about retirement for firefighters. However, the Plaintiff did not attach any of that evidence to his statement of facts and did not include any information about lost wages, past or future, in his statement

---

[1] Plaintiff asked to add as an expert witness, Gloria Cales. That request was denied by Judge Logan. Even if the Court were to overrule Judge Logan, Plaintiff did not include any evidence of what her testimony would be.

of facts. Without it, there is nothing for this Court to consider. Plaintiff has failed to make a showing sufficient to establish the existence of an element essential to his claim for lost and future wages. Therefore, Costco's motion for summary judgment will be granted as it relates to future lost wages.

**IV. Conclusion**

**IT IS ORDERED**, granting Defendant's Request for Ruling on Defendant's Motion for Summary Judgment Re: Causation and Damages (Doc. 120).

**IT IS FURTHER ORDERED**, granting Defendant's motion for summary judgment on causation and damages, in part, as described above.

Dated this 9th day of February, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge